THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CATHERINE M. and D.M.,**<br><br>Plaintiffs,<br><br>v.<br><br>**REGENCE BLUESHIELD,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00965-JCB<br><br>**Magistrate Judge Jared C. Bennett** |

Before the court is the parties' stipulated motion to permit Plaintiffs Catherine M. ("Catherine") and D.M., a minor (collectively, "Plaintiffs"), to proceed anonymously in this case.[1] For the reasons explained below, and based upon the parties' stipulation, the court grants the motion.

### BACKGROUND

This case concerns Defendant Regence BlueShield's ("Regence") denial of benefits for D.M.'s care for purportedly being not medically necessary.[2] Plaintiffs' complaint provides a detailed account of the struggles D.M. went through as a minor, including homelessness, life in foster care, physical and sexual abuse, theft, school expulsion, bullying, and violence, culminating in treatment at a residential care facility.[3] Plaintiffs presented extensive evidence from D.M.'s medical records in support of appeals asserting D.M.'s care at Change Academy

---

[1] ECF No. 6.

[2] ECF No. 1.

[3] *See generally id.*

Lake of the Ozarks should have been covered by Regence, including sensitive and personal information about D.M.'s mental health history as a minor.[4]

## LEGAL STANDARDS

Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."[5] With respect to minors, however, Fed. R. Civ. P. 5.2 provides that they must be named by initials unless the court orders otherwise.[6] No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names" or "anonymous plaintiffs."[7] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[8] Exceptional circumstances include those cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[9] In deciding whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings.[10] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[11] If a court grants permission for plaintiffs to proceed anonymously, "it is often

---

[4] *See generally id.*

[5] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[6] Fed. R. Civ. P. 5.2(a)(3).

[7] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[8] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[9] *Id.* (quotations and citation omitted).

[10] *Id.*

[11] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[12] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[13]

ANALYSIS

I. **The Court Grants Plaintiffs' Stipulated Motion to Proceed Anonymously.**

The court grants Plaintiffs' stipulated motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Plaintiffs' identities in this matter. The court takes each in turn.

First, the medical records and treatment at issue in this case refer almost exclusively to D.M.'s struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, using only the minor in question's initials when filing their pleadings. Although D.M. is no longer under the age of 18, courts recognize the appropriateness of preventing the names of children from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[14] Accordingly,

---

[12] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[13] *Id.* (quotations and citation omitted).

[14] *See, e.g.*, *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (providing, in another ERISA case concerning mental health care, that "although [the plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity"); *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) (concluding that "[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether Doe should be allowed to proceed anonymously).

Plaintiffs filed their complaint using D.M.'s initials to protect D.M.'s identity. Though Catherine was not a minor at any relevant time, disclosure of her full name would have the impact of revealing D.M.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[15]

Second, a substantial portion of the record in this case is comprised of D.M.'s protected health information and records relating to D.M.'s treatment. Even absent any discussion of D.M.'s age in this case, these records are protected from public disclosure by HIPAA.[16] Moreover, highly sensitive and personal medical issues experienced by D.M. constitute an "exceptional circumstance" that weighs against the disclosure of Plaintiffs' identities.

Finally, Plaintiffs' identities are known to Regence, as Regence was the insurer and claims administrator that provided coverage for Plaintiffs at the relevant times in this case. Consequently, allowing Plaintiffs to proceed anonymously does not prejudice Regence.

In sum, the public interest in access to Plaintiffs' identities appears relatively limited compared to the interest in protecting Plaintiffs' identities and matters of a highly sensitive and personal nature. Therefore, the court concludes that Plaintiffs should be permitted to proceed anonymously.

---

[15] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499,* No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (concluding that although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another," and "[o]rdering disclosure of the parent[s'] identities would place—in effect—personally identifiable and confidential information about the . . . minor in the public record").

[16] 42 U.S.C. § 1320d *et seq.*

## CONCLUSION AND ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. The parties' stipulated motion to permit Plaintiffs to proceed anonymously[17] is GRANTED.

2. On or before February 25, 2025, Plaintiffs must file under seal with the court a document containing Plaintiffs' full names. That filing shall remain under seal unless otherwise ordered.[18]

IT IS SO ORDERED.

DATED this 11th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] ECF No. 6.

[18] *W.N.J.*, 257 F.3d at 1171 ("If a court grants permission [to proceed pseudonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter.").